IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **C. BLANKET GONZALEZ-AGUILERA**, | Case No. 2:16-cv-0278-AC |
| Petitioner, | **ORDER** |
| v. | |
| **MARK NOOTH**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge V. Acosta issued Findings and Recommendation in this case on March 14, 2017. ECF 43. Judge Acosta recommended that Petitioner's Amended Writ for Habeas Corpus be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. ECF 45. Petitioner argues that Judge Acosta failed properly to consider the gravity of the state trial court and trial counsel's alleged constitutional errors regarding the two jury questions, the failure of counsel to move to exclude the "show up" identification, and the failure of counsel to request a lesser included instruction, and the harm those errors allegedly caused Petitioner. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and his underlying Amended Petition. The Court agrees with Magistrate Judge Acosta's reasoning regarding these issues and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge John V. Acosta's Findings and Recommendation, ECF 43. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 31) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 8th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge